UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JAY MICHAEL WILLIAMS, | Case No. 18-CV-3055 (JRT/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| R. MARQUES, Warden, | |
| Respondent. | |

Jay Michael Williams, who is currently incarcerated at the Federal Correctional Institution in Sandstone, Minnesota, now brings a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. No. 1). Williams challenges the validity of 28 C.F.R. § 550.55[1] under the Administrative Procedure Act ("APA"), 5 U.S.C. § 500 *et seq.* The petition is now before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

Under 18 U.S.C. § 3621(e)(2)(B), the Federal Bureau of Prisons ("BOP") may reduce by not more than one year the term of imprisonment for a nonviolent offender

---

[1] Williams cites 28 C.F.R. § 550.58 as the regulation at issue, but that provision was reenacted (in relevant part) at § 550.55, which became effective on March 16, 2009. *See Fisher v. English*, No. 10-CV-4390 (RHK/JSM), 2011 WL 3206966, at *3 (D. Minn. June 14, 2011). Notwithstanding his citation of § 550.58, Williams appears to be challenging § 550.55, as he notes the rule at issue was "promulgated in 2009." (Dkt. No. 2 at 5.)

[2] Williams's habeas petition is not brought pursuant to 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases nevertheless may be applied to the petition. *See* Rule 1(b).

1

who successfully completes a treatment program for residential substance abuse.  Violent offenders are prohibited from relief under § 3621(e)(2)(B) by the terms of the statute itself, but the BOP by regulation has also categorically prohibited certain groups of *nonviolent* offenders, including (as relevant here) "[i]nmates who have a current felony conviction for . . . [a]n offense that involved the carrying, possession, or use of a firearm . . . ." 28 C.F.R. § 550.55(b)(5)(ii).  Williams pleaded guilty in the United States District Court for the District of Montana to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and one count of receipt of a firearm by a person under indictment for a felony, in violation of 18 U.S.C. § 922(n).  *See United States v. Williams*, No. 4:16-CR-0055 (D. Mont.).  His conviction under § 922(n) leaves Williams ineligible for a reduction in sentence upon completing the BOP's treatment program for substance abuse because of the categorical regulatory restriction on nonviolent gun offenders found in § 550.55(b)(5)(ii).

Williams argues § 550.55 is invalid under § 706(2)(A) of the APA "because the BOP offered insufficient rationale to support it." (Dkt. No. 2 at 5-6.)  Williams' argument is squarely foreclosed by precedent binding on this Court.  The U.S. Supreme Court has already concluded that § 3621(e)(2)(B) permits the BOP to categorically deny particular groups of nonviolent offenders from discretionary relief.  *See Lopez v. Davis*, 531 U.S. 230, 238-44 (2001).  And the Eighth Circuit has already held that the regulation at issue in this case passes muster under the APA.  *See Gatewood v. Outlaw*, 560 F.3d 843, 846-49 (8th Cir. 2009); *Stevenson v. FCI Waseca*, 383 F. App'x 587, 587-88 (8th Cir. 2010) (per curiam) (reaffirming *Gatewood* and noting its continued applicability

to § 550.55); *cf. Peck v. Thomas*, 697 F.3d 767, 772-73 (9th Cir. 2012) (noting obsolescence of prior circuit case law regarding invalidity of similar BOP regulation in effect prior to § 550.55).  Williams "acknowledges that the BOP's public safety rationale has been upheld by this Court and others," but "urges closer examination because the challenged regulation . . . is based only on agency experience, not factual evidence . . . ." (Dkt. No. 2 at 6.)  This Court is bound by the Eighth Circuit's decisions in *Gatewood* and *Stevenson*, and is not at liberty to depart from that precedent and grant Williams' petition.  Accordingly, it is recommended that Williams's habeas petition be denied and this case dismissed.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Jay Michael Williams (Dkt. No. 1) be **DENIED**.

2. This case be **DISMISSED**.

Dated: November 20, 2018

*/s Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).