UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JAY MICHAEL WILLIAMS, | Civ. No. 18-3055 (JRT/ECW) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION & ORDER ADOPTING REPORT AND RECOMMENDATION** |
| R. MARQUES, | |
| Defendant. | |

---

Jay Michael Williams, No. 16461-046, Federal Correctional Institution, PO Box 1000, K-4, Sandstone, MN 55072, *pro se* plaintiff.

Erica H. MacDonald, United States Attorney, and Erin M. Secord, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for defendant.

Defendant Jay Michael Williams pled guilty in the United States District Court for the District of Montana to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and one count of receipt of a firearm by a person under indictment for a felony, in violation of 18 U.S.C. § 922(n). (Plea Agreement at 2, Aug. 18, 2016, Case No. 4:16-cr-00055-BMM, Docket No. 16.) He is currently serving his sentence at a federal facility in Minnesota.

On October 29, 2018, Williams brought a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet. at 6, Oct. 29, 2018, Docket No. 1.) Williams challenged the validity of 28 C.F.R. § 550.55, which prohibits inmates convicted of

1

nonviolent offenses involving firearms from being granted a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B). (*Id.* at 2.) Section 3621 permits the Bureau of Prisons ("BOP") to reduce the sentence of nonviolent offenders who successfully complete treatment programs for residential substance abuse. Williams argued that § 550.55 is arbitrary and capricious under § 706 of the Administrative Procedure Act ("APA"), 5 U.S.C. § 500 *et seq.*, because the regulation "is based only on agency experience, not factual evidence." (Def.'s Mem. in Supp. at 6, Oct. 29, 2018, Docket No. 2.)

On November 20, 2018, Magistrate Judge Elizabeth C. Wright issued a Report and Recommendation ("R&R") recommending that the Court deny Williams' petition. (R. & R., Nov. 20, 2018, Docket No. 5.) The Magistrate Judge relied on binding precedent affirming the validity of the regulation denying Williams relief. (*Id.* at 2-3.) *See Lopez v. Davis*, 531 U.S. 230, 238-44 (2001) (holding that § 3621(e)(2)(B) permits the BOP to categorically deny certain groups of nonviolent offenders from discretionary relief); *Gatewood v. Outlaw*, 560 F.3d 843, 846-49 (8th Cir. 2009) (holding that 28 C.F.R. § 550.58 is not arbitrary and capricious, but reasonably based on the BOP's public safety concerns); *Stevenson v. FCI Waseca*, 383 F. App'x 587, 587-88 (8th Cir. 2010) (per curiam) (affirming *Gatewood* and its application to § 550.55).

Williams now objects. (Objs., Dec. 6, 2018, Docket No. 6; Objs. Jan. 4, 2019, Docket No. 9.) Because 28 C.F.R. § 550.55 is reasonable and continues to reflect the BOP's safety concerns, the Court will overrule Williams's objections and adopt the R&R in full.

## DISCUSSION

### I. Standard of Review

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). To be proper, the objections must specifically identify the portions of the R&R to which the party objects and explain the basis for the objections. *Turner v. Minnesota*, No. 16-3962, 2017 WL 5513629, at *1 (D. Minn. Nov. 17, 2017).

### II. Williams' Objections

Williams first argues that, in light of new evidence, 28 C.F.R. § 550.55 no longer survives arbitrary and capricious review under Section 706 of the APA. Williams cites data from the BOP's 2014 Program Directory, which he says shows that inmates who complete RDAP have a 16% lower rate of re-offense and recidivism, thus decreasing concerns about public safety. According to Williams, evidence of lower recidivism among inmates who have completed RDAP undermines the public safety rationale behind 28 C.F.R. § 550.55 because denial of relief to nonviolent gun offenders deprives them of an important incentive to complete the RDAP program. Williams asserts that the consequence of denial of relief is more crime. Williams further argues that because *Lopez*,

3

*Stevenson*, and *Gatewood* were decided before the new evidence of reduced recidivism was released in 2014, those cases are no longer binding on this Court.

As Magistrate Judge Wright correctly stated, this Court remains bound by *Lopez*, *Gatewood*, and *Stevenson*. Additionally, Williams misunderstands the standard under which courts must evaluate regulations such as 28 C.F.R. § 550.55. The question for the Court is not whether there may be a **more reasonable** alternative to the regulation in question; instead, it is whether the regulation reflects "a permissible construction of the statute." *Chevron v. U.S.A., Inc. v. Natural Resource Defense Council, Inc.*, 467 U.S. 837, 843 (1984). In evaluating a regulation, a court must apply "the principle of deference to administrative interpretations." *Id.* at 844. When the Eighth Circuit applied these principles to 28 C.F.R. § 550.55, it found that the regulation reflected the BOP's reasonable belief that those who committed nonviolent gun offenses may pose a greater danger to public safety than other nonviolent offenders. *See Stevenson*, 383 F. App'x at 588. The BOP's concerns about nonviolent gun offenders are not rendered unreasonable by evidence of reduced recidivism among the general population of offenders upon completion of RDAP.

Williams next argues that the recent passage of the First Step Act of 2018 (the "FSA") supplants Section 3621(e) such that the BOP no longer has discretion to exclude nonviolent gun offenders from being granted credits for completion of RDAP. *See* Pub. L. No. 115-391, 132 Stat. 5194 (2018). In relevant part, the FSA will require the Attorney General of the United States to assess and develop recidivism-reduction programs. *Id.* at

5201 (to be codified at 18 U.S.C. § 3633(a)). These programs may include substance abuse treatment programs. *Id.* at 5207 (to be codified at 18 U.S.C. § 3635(3)). Prisoners who complete such programs may be granted relief at the BOP's discretion, including but not limited to early release. *Id.* at 5198 (to be codified at 18 U.S.C. § 3632(d)(4)). The FSA also excludes certain categories of offenders from eligibility for early release time credits pursuant to FSA programs. *See id.* at 5198-203 (to be codified at 18 U.S.C. § 3632(d)(4)(D)).

Williams argues that by defining classes of prisoners who are ineligible for time credits, Congress mandated that all prisoners not within the defined classes must be eligible for early release, including nonviolent gun offenders who complete RDAP.

Williams's argument is without merit. The FSA leaves to the Attorney General the task of determining which recidivism reduction programs are effective and support relief in the form of time credits. The FSA does not designate RDAP or any other program as one that must be implemented under its terms, nor does it amend Section 3621. As such, this Court does not construe the FSA as requiring time credits incentives under Section 3621 for any particular class of offenders, including nonviolent gun offenders. Moreover, even if the Court **could** construe the FSA as imposing such a requirement, the FSA explicitly prohibits the BOP from awarding time credits for recidivism-reduction programs completed prior to its enactment.[1]

---

[1] *See* 132 Stat. at 5198 (to be codified at 18 U.S.C. § 3632(d)(4)(B)).

### III. Certificate of Appealability

A Court may grant a Certificate of Appealability only where the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must show that "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir. 1994). For purposes of appeal under Section 2253(c)(2), the Court finds that Williams has not shown that reasonable jurists would find the issues raised in Williams's Section 2241 motion debatable, that some other court would resolve the issues differently, or that the issues deserve further proceedings. The Court therefore declines to grant a Certificate of Appealability.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Objections to the Magistrate Judge's Report and Recommendation [Docket No. 6; Docket No. 9] are **OVERRULED;**

2. The Report and Recommendation of the Magistrate Judge [Docket No. 5] is **ADOPTED**; and

3. The Court **DECLINES** to grant a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: February 5, 2019                        ____s/John R. Tunheim___
at Minneapolis, Minnesota.                  JOHN R. TUNHEIM
                                                       Chief Judge
                                         United States District Court